**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**MARVEL A.,**

**Plaintiff,**

**v.** **Case No. 26-CV-1520**

**FRANK BISIGNANO,**
**Commissioner of Social Security,**

**Defendant.**

---

## ORDER ON MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

---

On September 4, 2026, Marvel A. filed a complaint for review of a final decision by the Commissioner of the Social Security Administration denying his claim for supplemental security income benefits under the Social Security Act, 42 U.S.C. § 405(g). (Docket # 1.) Plaintiff has also filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 2.) Because I find that Plaintiff is indigent for purposes of the federal *in forma pauperis* statute and his complaint is not frivolous or malicious and that it states a claim, his motion will be granted.

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. §

1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In his motion to proceed without prepayment of the filing fee, Plaintiff states that he is unmarried and unemployed. (Docket # 2 at 1.) Plaintiff receives $197.00 in Quest food assistance and his monthly expenses total $197.00. (*Id.* at 2–3.) Plaintiff owns a 2013 Buick Enclave worth approximately $3,000.00 but otherwise owns no other assets. (*Id.* at 3–4.) Plaintiff states that he is currently homeless. (*Id.* at 4.) Based on this information provided, I am satisfied that Plaintiff cannot pay the filing fee.

I next turn to the question of whether Plaintiff's action is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The standard of review that the district court is to apply in reviewing the Commissioner's decision is whether the decision is supported by "substantial evidence." 42 U.S.C. § 405(g); *Ehrhart v. Sec'y of Health*

*& Human Servs.*, 969 F.2d 534, 538 (7th Cir. 1992). In his complaint, Plaintiff alleges that he is disabled, that he was denied supplemental security income benefits, that the Commissioner's decision was not supported by substantial evidence and was contrary to law and regulation, and that his appeal was timely filed. (Docket # 1 at 1–2.)

Because I have not yet had the opportunity to review the evidence, I cannot conclude that Plaintiff's claims are meritless. Therefore, I find that Plaintiff's complaint is not frivolous or malicious and that it states a claim as defined by 28 U.S.C. § 1915(e)(2)(B)(i).

**NOW, THEREFORE, IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin this 6th day of November, 2026.

BY THE COURT

Nancy Joseph

NANCY JOSEPH
United States Magistrate Judge